**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1662**

IRVIN JEFFERSON WILSON, a/k/a Irvin Jefferson Wilson, #158202 and #0811,

Plaintiff - Appellant,

v.

J.M. CUTLER, Police Officer, Greenville, South Carolina, Law Enforcement Department; B.W., Alleged Witness for the State; STUART SARRATT; JEFF WESTON, Assistant Solicitor Thirteenth Judicial Circuit; NICOB BALL, Signature of Constable Law Enforcement Officer, State of South Carolina, Thirteenth Judicial Circuit; KENNITH MILLER,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:17-cv-00499-MGL)

Submitted: November 8, 2018                    Decided: November 14, 2018

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Irvin Jefferson Wilson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvin Jefferson Wilson appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) complaint.* The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Wilson that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

On appeal, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b); *see Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Construing Wilson's objections to the magistrate judge's report and informal brief liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we conclude that these filings are sufficient to preserve appellate review only of the district court's dismissal of Wilson's claims against Defendant Kenneth Miller. We

---

* Although the district court dismissed Wilson's case without prejudice, we have jurisdiction over this appeal because the district court's grounds for dismissal now indicate that no amendment could cure the defects identified in Wilson's amended complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015).

have reviewed the record and discern no reversible error in the district court's dismissal of those claims. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (standard of review); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (respondeat superior); *Tigrett v. Rector & Visitors of U. Va.*, 290 F.3d 620, 630-31 (4th Cir. 2002) (supervisory liability); *Young v. City of Mount Rainier*, 238 F.3d 567, 579 (4th Cir. 2001) (failure to train).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*